**Rev. and Mrs. Jack ADAMS et al., Plaintiffs,**

**v.**

**D. F. ENGELKING, as State Superintendent of Public Instruction, et al., Defendants.**

**No. C-2370.**

United States District Court
D. Idaho, S. D.
July 24, 1964.

Scott W. Reed, Coeur d'Alene, Idaho, for plaintiffs.

Allan G. Shepard, Atty. Gen., Michael Southcombe, Deputy Atty. Gen., Stephen W. Boller, Asst. Atty. Gen., for defendants.

Before KOELSCH, Circuit Judge, and TAYLOR and McNICHOLS, District Judges.

PER CURIAM.

This action was commenced by the plaintiffs as parents of public school children and as affiliates of various church denominations in Moscow, Idaho. The suit is in the form of a class action brought on behalf of the named plaintiffs and other like situated parents and church affiliates of the State of Idaho. Defendants are the State of Idaho Superintendent of Public Schools, the members of the State of Idaho Board of Education and the elected and appointed officials of Moscow School District No. 281 (A); said defendants being made individually defendants and also defendants as representatives of all public school districts in the State of Idaho.

A three judge court was empaneled pursuant to Section 2281, Title 28 U.S. Code, and jurisdiction invoked under the authority of Sections 1331, 1343, 2201, 2202 and 2281, all of Title 28 U.S. Code.

Plaintiffs seek to have Section 33-1604, Idaho Code[1] providing for compulsory daily reading of passages from the Bible in all public schools of the State

---

1. "33-1604. *Bible reading in public schools.*—Selections from the Bible, to be chosen from a list prepared from time to time by the state board of education, shall be read daily to each occupied class-

room in each school district. Such reading shall be without comment or interpretation. Any question by any pupil shall be referred for answer to the pupil's parent or guardian."

of Idaho, declared unconstitutional. Plaintiffs further ask injunctive relief to restrain the enforcement of the statute.

A pre-trial conference was held, at which it was agreed that there were no factual issues to be litigated. A pre-trial order was entered, supplementing the pleadings, in which the following issues were established:

(a) "Is Idaho Code, Section 33–1604, repugnant to the First and Fourteenth Amendments of the Constitution of the United States and therefore unconstitutional and invalid.

(b) "Is Idaho Code, Section 33–1604, repugnant to Article 1, Section 4, and Article 9, Section 6, of the Constitution of the State of Idaho and therefore unconstitutional and invalid."

The parties further agreed upon, and the pre-trial order established, the following facts:

(a) "Idaho Code, Section 33–1604, is being enforced by the defendants. The exact manner in which the particular schools comply with this law is immaterial to this action.

(b) "For the purposes of this action, the defendants are proper representatives in a class action of all Public School Districts in the State of Idaho.

(c) "Venue for this action may be changed from the Central Division to the Southern Division of the United States District Court for the District of Idaho."

Whereupon, plaintiffs and defendants, separately, moved the court for summary judgment and the case was submitted on the record and briefs of the parties.

The court concludes that plaintiffs' motion must be granted and defendants' motion denied.

While members of the court may have personal reservations, we unanimously agree that the issue is settled by the United States Supreme Court ruling in School District of Abington Tp., Pa. v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844.

Accordingly, Section 33–1604, Idaho Code, is held to be in conflict with the First and Fourteenth Amendments of the United States Constitution and hence invalid and unenforceable.

We do not deem it necessary to consider the conflict, if any, between the statute and the Constitution of the State of Idaho.

Counsel for the plaintiffs shall prepare a proposed judgment and order, serve a copy of the same on counsel for defendants and submit the original to the court.

No costs allowed.